**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DAVID F. LEGG and
MARY R. LEGG,

     Plaintiffs,

v.           CIVIL ACTION NO.   2:23-cv-00188

LIBERTY MUTUAL INSURANCE CO.,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Liberty Mutual Insurance Co's Motion to Dismiss* (Document 5),

the *Memorandum of Law in Support of Liberty Mutual Insurance Co.'s Motion to Dismiss*

(Document 6), the *Plaintiffs' Response in Opposition to Defendant Liberty Mutual Insurance,*

*Co.'s Motion to Dismiss* (Document 10), the *Reply in Support of Liberty Mutual Insurance Co.'s*

*Motion to Dismiss* (Document 11), and the attached exhibits.   For the reasons stated herein, the

Court finds the Defendant's motion should be denied.

**BACKGROUND**

On January 3, 2002, the Plaintiffs entered into a mortgage contract to purchase a residential

property located in Oak Hill, West Virginia, with Equity One, Inc. as the mortgage originator.   As

required by law, Equity One obtained a mortgage broker bond, and selected Safeco Insurance

Company to serve as the surety.   Safeco Insurance Company was a predecessor to Liberty Mutual.

In 2011, Equity One ceased operations in West Virginia and was acquired by American

International Group, Inc.   On June 22, 2020, the Plaintiffs filed a complaint against Equity One

in the Circuit Court of Fayette County, West Virginia, alleging that Equity One originated a loan above the fair market value of their property.

The Plaintiffs initially attempted service upon Equity One on August 28, 2020, through the Secretary of State, but provided an improper address in Irvine, California.   Service was returned as not deliverable, and it was neither accepted nor refused at this address.   The Plaintiffs moved for default judgment, but the presiding judge, Judge Ewing, expressed doubt about whether service was proper.   The time for service was extended and the Plaintiffs provided the Secretary of State with a different address, namely, 120 Broadway, 16th Floor, New York, New York.   But again, the summons was returned as undeliverable.   More than thirty days later, on April 2, 2021, the Plaintiffs renewed their motion for default judgment, stating that service was now proper under West Virginia Code § 31D-15-1520(c).   On April 9, 2021, Judge Ewing agreed,[1] and found that the Defendant had been properly served and had failed to defend the action.   (Document 5-11.) Following an inquiry into the Plaintiffs' damages, on July 26, 2021, the Circuit Court entered a Judgment Order against Equity One for $120,533.30.   (Document 1-1 at 9.)

The Plaintiffs allege that from September 2021 to January 2022, they attempted to collect on the bond by providing Defendant Liberty Mutual a copy of the Circuit Court's Judgment Order against Equity One.   On January 14, 2022, the Defendant denied the claim to pay.   On February 7, 2023, Plaintiffs David and Mary Legg filed a *Complaint* (Document 1-1 at 5) in the Circuit Court of Fayette County, West Virginia, against Defendant Liberty Mutual Insurance Co. (Liberty Mutual) to collect under the surety bond.   Liberty Mutual removed the action pursuant to 28

---

[1] As discussed in the parties' briefs, Judge Ewing held that West Virginia Code § 31D-15-1520(c), which governs withdrawn corporations, allows mere service of process on the secretary of state to effectuate service on the corporation, rather than having to satisfy the requirements of West Virginia Code § 31D-15-1510 and *Crowley v. Krylon Diversified Brands*, 607 S.E.2d 514, 517 (W. Va. 2004).

U.S.C. § 1441, stating that removal was appropriate under diversity jurisdiction.   The Defendant now moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it.   "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion."   *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint).   Reasonable discovery may be necessary to permit the plaintiff to produce the facts and evidence necessary to support their jurisdictional allegations.   *Id.* The plaintiff has the burden of proving that subject matter jurisdiction exists.   *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991).   Dismissal for lack of subject matter jurisdiction is proper only if there is no dispute regarding the material jurisdictional facts and the moving party is entitled to prevail as a matter of law.   *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

## DISCUSSION

The Defendant moves to dismiss under Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction.   Specifically, Liberty Mutual argues that the underlying Judgment Order

against Equity One is void due to improper service, and because the Judgment Order is void, the Defendant's obligations under the bond have not yet been triggered, depriving the Plaintiffs of standing. In response, the Plaintiffs argue that (1) a surety cannot challenge a default judgment against a principal, (2) this Court cannot review the Circuit Court's Judgment Order under the *Rooker-Feldman* doctrine, and even if so, (3) service was proper.

"[T]he liability of a surety is measured by the terms of its contract." *Fid. and Deposit Co. of Maryland v. James*, 764 S.E.2d 351, 355 (W. Va. 2014) (citing *Hartford Fire Ins. Co. v. Curtis*, 748 S.E.2d 662, 668 (W. Va. 2013)). The West Virginia Supreme Court of Appeals has held that when a bond is a judgment bond, a "judgment against the principal is conclusive upon the sureties, so that they cannot contest the liability, in the absence of fraud or collusion." *Curtis*, 748 S.E.2d at 673 (citing Syl. Pt. 4, *State v. Nutter*, 30 S.E. 67 (W. Va. 1898)). This rule has been explicitly expanded to include default judgments. *Id.* Fully stated, "where a surety has undertaken to pay 'any judgment rendered' in an action, the surety has neither a right to notice of such an action or a right to reopen a judgment entered against its principal, even though it was obtained by consent or default." *Id.* at 674 (quoting *R & L Lumber Co. v. Summit Fid. & Sur. Co.*, 284 Minn. 489, 494, 170 N.W.2d 594, 598 (1969)).

Therefore, it should first be determined whether the bond at issue is a judgment bond.[2] A judgment bond is defined as a bond "in which the surety agrees to be liable for a judgment based on a specific statutory violation covered by the bond." *Id.* at 669 (citing *Lawyers Sur. Corp. v. Riverbend Bank, N.A.*, 966 S.W.2d 182, 188 (Tex. App.-Fort Worth 1998, no pet.). The bond at issue is a mandatory bond pursuant to the West Virginia Residential Mortgage Lender, Broker and

---

[2] Judgment bonds are contrasted with performance bonds, which are bonds "given by a surety to ensure the timely performance of a contract." *Curtis*, 748 S.E.2d at 669 (citing Black's Law Dictionary 1158 (7th ed. 1999).

Servicer Act, which requires licensed lenders of mortgage loans to "[f]ile with the commissioner a bond in favor of the state for the benefit of consumers or for a claim by the commissioner for an unpaid civil administrative penalty or an unpaid examination invoice."   W. Va. Code § 31-17-4.

The pertinent language of the bond reads:

> If any person shall be aggrieved by the misconduct of the principal, he may upon recovering judgement against such principal issue execution of such judgement and maintain an action upon the bond of the principal in any court having jurisdiction of the amount claimed, provided the Commissioner of Banking ascents thereto.

(Document 1-1 at 13).   The language of this bond grants an aggrieved person who has obtained a judgment against the principal, the ability to execute that judgment, making this bond a judgment bond.   Additionally, the West Virginia Supreme Court of Appeals has twice held that identically worded mandatory lender bonds constitute judgment bonds.   *James*, 764 S.E.2d at 355; *Curtis*, 748 S.E.2d at 671.   Accordingly, the surety is limited to contesting the underlying judgment in instances where the judgment was obtained via fraud or collusion.[3]   *Curtis*, 748 S.E.2d at 673.

Here, the Defendant does not allege that the Judgment Order is a product of fraud or collusion.   Rather, Liberty Mutual counters by arguing that because service was improper, the Judgment Order is void, and "may be attacked collaterally."   (Def. Reply at 7) (Document 11) (citing Syl. Pt. 2, *Beane v. Dailey*, 701 S.E.2d 848 (W. Va. 2010).   However, *Curtis* precludes a surety from raising a collateral attack, other than arguing that the judgment was the result of fraud or collusion.   Because the Defendant makes no such attack, the Court must consider the Judgment

---

[3] Any appearance of harshness in *Curtis*'s rule is lessened by the fact that "the surety, upon payment of the judgment, may seek reimbursement from its principal."   *Curtis*, 748 S.E.2d at 674 (citing *R & L Lumber Co.*, 170 N.W.2d at 598–99).

Order binding, even if it was in error.[4]   Consequently, the Defendant's argument that the Judgment Order is void, and that therefore the Court lacks subject matter jurisdiction, fails.[5]

## CONCLUSION

Wherefore, after thorough review and careful consideration, for the reasons stated herein, the Court **ORDERS** that *Liberty Mutual Insurance Co's Motion to Dismiss* (Document 5) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    May 3, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[4] The Court declines the opportunity to address whether Judge Ewing's ruling that service was proper is an error, as it is not necessary to resolve the Defendant's motion.

[5] The Court also refuses to address the applicability of the *Rooker-Feldman* doctrine as argued by the Plaintiffs in their response, because the Court has declined to, in any way, peer into the validity of the state court judgment.